IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JOHN KOENIG, JR.,
   Petitioner,

      v.

CATHERINE McVEY, et al.,
   Respondents.

CIVIL ACTION

NO. 10-258

## ORDER

AND NOW, this 20th day of September, 2011, upon careful consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of the United States Magistrate Judge Arnold C. Rapoport and Petitioner's objections to the Report and Recommendation, it is **ORDERED** that:

- The Report and Recommendation is APPROVED and ADOPTED as to its conclusion that the petition for writ of habeas corpus is time-barred.[1]

- The petition for writ of habeas corpus is DISMISSED.

- A certificate of appealability should not issue because Petitioner has failed to show that a reasonable jurist could conclude that this court is incorrect in dismissing the petition as time-barred.[2]

---

[1] The Magistrate Judge further concludes that even if Koenig's habeas petition was not time-barred, it has no merit. I do not adopt this part of the Report and Recommendation because, given my agreement with the Magistrate Judge that the petition is time-barred, there is no reason to reach the merits.

[2] Koenig agrees that his habeas petition was not filed within the one-year AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(1). However, he objects to the Magistrate Judge's conclusion that his petition is time-barred, and contends that he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented


ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

O:\ABB 2011\A-K\Koenig v. McVey Habeas Order.wpd

---

timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Koenig filed his habeas petition almost one year after the expiration of the AEDPA filing date. Koenig argues that he is entitled to equitable tolling because he was unable to obtain counsel to file his petition at an earlier date due to his financial circumstances; specifically, that since his parole in 2007, he has earned $12.00 an hour as a laborer in a fish factory. However, "*pro se* status . . . do[es] not justify equitable tolling." *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005). "And the doctrine of equitable tolling does not permit [me] to excuse compliance with the statute . . . whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel." *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010). Thus "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation . . . merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Therefore, Koenig's alleged financial inability to hire counsel until almost a year after the AEDPA filing deadline does not entitle him to equitable tolling of his petition.

Although Koenig objects to dismissal of his petition without an evidentiary hearing, "the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). Here, an evidentiary hearing is unnecessary because it is clear that Koenig is not entitled to equitable estoppel.

Koenig also objects to the Magistrate Judge's conclusion that a certificate of appealability ("COA") should not issue. The Court has held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I decline to issue a COA because a reasonable jurist would not debate that Koenig is not entitled to equitable estoppel.

Lastly, Koenig objects to the Magistrate Judge's conclusion that even if his petition had not been time-barred, it has no merit. I need not address this objection because Koenig's petition is time-barred, and I do not adopt this conclusion of the Magistrate Judge.